UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MENACHEM SCHMULOVICH and TOVA SCHMULOVICH<br><br>Plaintiffs,<br><br>v.<br><br>1161 RT. 9 LLC, a New Jersey Limited Liability Corporation, OVADI MALCHI, ZICHRONI MALCHI, OFER MALCHI and JOHN AND JANE DOES 1 THROUGH 100<br><br>Defendants | Civil Action No. 07 CV 597 (FLW)<br><br>**Document Electronically Filed** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENAS**

BOWE & FERNICOLA, LLC
219 Broad Street
Red Bank, New Jersey 07701
(732) 345-0600

Attorneys for Defendants.

PAUL V. FERNICOLA, ESQ.
    Of Counsel

ANTHONY T. BETTA, ESQ.
    On the Brief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

LEGAL ARGUMENT ........................................................................................................... 4

   POINT I ............................................................................................................................ 4

      DEFENDANTS' MOTION TO QUASH SHOULD BE GRANTED SINCE PLAINTIFFS
      HAVE PROVIDED NO BASIS FOR THEIR REQUEST FOR FINANCIAL DOCUMENTS
      PERTAINING TO THE ATTORNEY TRUST ACCOUNT OF BOWE & FERNICOLA,
      LLC ................................................................................................................................ 4

   POINT II ........................................................................................................................... 8

      DEFENDANTS' MOTION TO QUASH AND FOR THE ENTRY OF A PROTECTIVE
      ORDER SHOULD BE GRANTED SINCE DEFENDANTS HAVE NOT
      DEMONSTRATED A COMPELLING NEED TO DEPOSE COUNSEL FOR
      DEFENDANTS, WILLIAM J. BOWE, ESQ. ............................................................... 8

## TABLE OF AUTHORITIES

**Cases**

Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis.1989) .................................................................................................................. 9

American Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 585 (S.D.Cal.1995) ............... 8, 9

Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986) ........................................... 8

Dean v. Anderson, 2002 W.L. 1377729 ......................................................................................... 6

E.E.O.C. v. Franklin & Marshall College, 775 F. 2d 110, 121 (3rd Cir. 1985) cert denied 476 U.S. 1163 (1986) ................................................................................................................. 6

EEOC v. University of Pennsylvania, 850 F2d 969, 979 C.A.3 (Pa.),1988 ................................... 5

Fed. R. Civ. P. 45(c)(3)(A) ............................................................................................................. 4

Gray v. Board of Higher Education, 692 F.2d 901, 903 (2d Cir.1982) ......................................... 5

Harriston v. Chicago Tribune Company, 134 F.R.D. 232, 233 (N.D.Ill.1990) .............................. 8

Hay and Forage Industries v. Ford New Holland, Inc., 132 F.R.D. 687, 689 (D.Kan.1990) ......... 9

Hickman v. Taylor, 329 U.S. 495, 507, (1947) .............................................................................. 5

Johnston Development Group, Inc. v. Carpenter's Local Union No. 1578, 130 F.R.D. 348, 352 (D. N.J. 1990) .................................................................................................................. 8, 9

Kerr v. Able Sanitary and Environmental Services, Inc. 295 N.J. Super. 147, 157 (App. Div. 1996) ........................................................................................................................ 8, 10, 11

Lesal Interiors, Inc. v. Resolution Trust Corp.,153 F.R.D. 552, 562 (D.N.J. 1994) ...................... 5

N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84 (M.D.N.C.1987) ................. 9

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 341 (1978) .................................................... 5

Scott v. Leavenworth Unified School District No. 453, 190 F.R.D., 583, 585 (D.Kn. 1989) ........ 6

Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986) ..................................... 8

State v. McAllister, 184 N.J. 17 (2005) ............................................................................................ 7

Stil v. Humana Kansas City, Inc., 197 F.R.D. 442, 445 (E.Kn. 2000) .............................................. 6

Walker v. United Parcel Services, 87 F.R.D. 360, 361 (E.D.Pa.1980) ............................................. 8

West Peninsular Title Company v. Palm Beach County, 132 F.R.D. 301, 302 (S.D.Fla.1990) ....... 9

**Rules**

Fed.R.Civ.P 26(c) ......................................................................................................................... 8, 9

Fed.R.Civ.P. 26(b); 8 C ..................................................................................................................... 5

Fed.Rule Civ.P. 26(b)(1) ................................................................................................................... 5

Federal Rule of Civil Procedure 26(b)(1) or (2) ............................................................................... 6

R. 4:10-3 ......................................................................................................................................... 10

Rule 26 (b)(1)(i) ............................................................................................................................. 10

Rule 26(b)(1) .................................................................................................................................... 9

**Treatises**

Wright & A. Miller, *Federal Practice & Procedure* § 2008, at 41 (1970) ..................................... 5

## PRELIMINARY STATEMENT

Plaintiff, Menachem Schmulovich and defendants Ovadi Malchi and Zichroni Malchi formed the entity 1161 Route 9 LLC, for the purpose of purchasing the property located at 1161 Route 9, Lakewood, New Jersey. In the suit, plaintiffs have asserted various causes of action related to the alleged breach of the partnership agreement pertaining to 1161 Route 9 LLC by defendants. The allegations include that defendants fraudulently convinced plaintiffs to contribute funds toward the purchase price of the Property and that the defendants fraudulently obtained two (2) mortgages on the property located at 1161 Route 9, Lakewood, New Jersey without plaintiffs' consent. Plaintiffs further alleged that defendants have failed to account for the rental income received from the Property.

In their subpoena served upon Fleet Bank Account No. 021200339, plaintiffs seek information pertaining to checks issued from Bowe & Fernicola's attorney trust account from January 1, 2003 to the present to 1161 Rt. 9, LLC and/or Ovadi Malchi, and/or Offer Malchi and/or Zichroni Malchi and/or Menachem Schmulovich. The subpoena also requests information pertaining to deposits made to the Bowe & Fernicola, LLC attorney trust account on funds provided by 1161 Rt. 9, LLC and/or Ovadi Malchi, and/or Offer Malchi and/or Zichroni Malchi and/or Menachem Schmulovich. There is no language in the subpoena limiting the request for documents to those that bear relevance to this matter, and instead seeks any and all checks made out to and any and all deposits made by Ovadi, Offer and Zichroni Malchi, clients of this firm who have received representation on several matters unrelated to the case at bar.

Plaintiffs' subpoena is unreasonably overbroad in that seeks to elicit financial information pertaining to matters that are completely unrelated to the instant matter. Plaintiffs'

have no right to intrude upon the confidential finances of the defendants nor do they have the right to examine this firm's financial dealings with its clients.

Plaintiffs have also served a subpoena upon William J. Bowe, Esq. seeking to take his deposition on August 7, 2007. However, plaintiffs have not demonstrated that Attorney Bowe would have any independent knowledge that would justify deposing him.

Based on the foregoing, defendants' motion to quash should be granted.

## STATEMENT OF FACTS

1. By letter dated June 27, 2007 plaintiffs, Menachem and Tova Schmulovich, served a subpoena upon Fleet Bank Account No. 021200339, attorney trust account for Bowe & Fernicola, LLC.

2. The subpoena served upon Fleet Bank seeks "any and all checks and cancelled checks, (both front and back), pertaining only to checks issued from January 1, 2003 to the present, to the following payees: 1161 Rt. 9, LLC, and/or Ovadi Malchi and/or Offer Malchi, and/or Offer Malchi and/or Zichroni Malchi, and/or Menachem Schmulovich." (See Exhibit "A" attached to the Certification of Anthony T. Betta, Esq.)

3. The subpoena also requests "any and all deposits, either in the form of checks (front and back), wire transfers, or otherwise, pertaining only to such depositions made on funds provided by the following from January 1, 2003 to the present: 1161 Rt. 9, LLC, and/or Ovadi Malchi and/or Offer Malchi, and/or Offer Malchi and/or Zichroni Malchi, and/or Menachem Schmulovich." (See Exhibit "A" attached to the Certification of Anthony T. Betta, Esq.)

4. Plaintiffs have also served a subpoena upon the law firm of Bowe & Fernicola, LLC seeking to depose William J. Bowe, Esq. on August 7, 2007 at 10:00 AM. (See Exhibit "B" attached to the Certification of Anthony T. Betta, Esq.)

## LEGAL ARGUMENT

### POINT I

**DEFENDANTS' MOTION TO QUASH SHOULD BE GRANTED SINCE PLAINTIFFS HAVE PROVIDED NO BASIS FOR THEIR REQUEST FOR FINANCIAL DOCUMENTS PERTAINING TO**

Defendants' motion to quash should be granted since information pertaining to this firm's attorney trust account is irrelevant to the case at bar. Plaintiffs have served a subpoena upon Fleet Bank, requesting that the be provided with:

> 1. With reference to Fleet Bank Account No. 021200339, attorney trust account for Bowe & Fernicola, LLC, 2 Bridge Avenue, Bldg. 6, 3rd Floor, Red Bank, New Jersey any and all checks and cancelled checks, (both front and back), pertaining only to checks issued from January 1, 2003 to the present, to the following payees: 1161 Rt. 9, LLC, and/or Ovadi Malchi and/or Offer Malchi, and/or Offer Malchi and/or Zichroni Malchi, and/or Menachem Schmulovich."; and

> 2. With reference to Fleet Bank Account No. 021200339, attorney trust account for Bowe & Fernicola, LLC, 2 Bridge Avenue, Bldg. 6, 3rd Floor, Red Bank, New Jersey any and all deposits, either in the form of checks (front and back), wire transfers, or otherwise, pertaining only to such depositions made on funds provided by the following from January 1, 2003 to the present: 1161 Rt. 9, LLC, and/or Ovadi Malchi and/or Offer Malchi, and/or Offer Malchi and/or Zichroni Malchi, and/or Menachem Schmulovich."

(See Exhibit "A" attached to the Certification of Anthony T. Betta, Esq.)

Fed. R. Civ. P. 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;
>
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be

commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

Fed.Rule Civ.P. 26(b)(1), permits discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 341 (1978). "To be sure, relevancy is the touchstone of any discovery request." EEOC v. University of Pennsylvania, 850 F2d 969, 979 C.A.3 (Pa.),1988 citing Fed.R.Civ.P. 26(b); 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2008, at 41 (1970)("Perhaps the single most important word in Rule 26(b) is 'relevant' for it is only relevant matter that may be subject to discovery.").

While generally, the scope of discovery is broad, the courts have recognized that "discovery, like all matters of procedure, has ultimate and necessary boundaries." Lesal Interiors, Inc. v. Resolution Trust Corp.,153 F.R.D. 552, 562 (D.N.J. 1994) citing Hickman v. Taylor, 329 U.S. 495, 507, (1947). Thus, if discovery is not "reasonably calculated to lead to the discovery of admissible evidence" it is not within the scope of Rule 26(b)(1). Id. citing Oppenheimer Fund, Inc. v. Sanders, supra, 437 U.S. 340 at 351.

When deciding whether information should be protected from discovery, the Third Circuit courts have utilized the approach advanced by the court in Gray v. Board of Higher Education, 692 F.2d 901, 903 (2d Cir.1982):

> Any finding that information is protected from discovery must reflect a balancing between, on the one hand, the parties' right to discovery, which stems from society's interest in a full and fair adjudication of the issues involved in litigation and, on the other hand, the existence of a societal interest in protecting the confidentiality of certain disclosures made within the context of

certain relationships of acknowledged social value.

E.E.O.C. v. Franklin & Marshall College, 775 F. 2d 110, 121 (3rd Cir. 1985) cert denied 476 U.S. 1163 (1986).

When the discovery sought by a party appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the request for discovery (1) does not come within the broad scope of relevance as defined under Federal Rule of Civil Procedure 26(b)(1) or (2) is of such marginal relevance that potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Dean v. Anderson, 2002 W.L. 1377729, citing Scott v. Leavenworth Unified School District No. 453, 190 F.R.D., 583, 585 (D.Kn. 1989). Yet when relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request. Stil v. Humana Kansas City, Inc., 197 F.R.D. 442, 445 (E.Kn. 2000).

Based on the foregoing, the subpoena served by the plaintiffs upon Fleet Bank Account No. 021200339, is overbroad and should be quashed since it asks the bank to provide documents that are unrelated to the case at bar. Ovadi Malchi, Zichroni Malchi, and Ofer Malchi are clients whom this firm has represented on numerous matters that are unrelated to the LLC. With regard to the underlying matter, this firm was only retained to secure Ovadi Malchi's loan from Greenpoint Mortgage Bank in December of 2004 because his former attorney, Marc Sinsinky had been appointed a Judge of the Workers Compensation Court in the State of New Jersey. (See Paragraph 14 of the Certification of William J. Bowe, Esq. submitted in opposition to plaintiffs' motion to disqualify this firm as counsel for defendants) Thereafter, Attorney Bowe prepared a lease which was executed by Schlomo Green for Super Stop supermarket at the Property. (See Paragraph 19 of the Certification of William J. Bowe, Esq. submitted in opposition to plaintiffs' motion to disqualify this firm as counsel for defendants)

Due to the nature of the information requested by the plaintiffs in their subpoena, the subpoena to Fleet Bank does not appear to be relevant on its face. Therefore, plaintiffs bear the burden of demonstrating the relevancy of their request.

However, plaintiffs can not make a showing of relevancy, since the subpoena requests documents pertaining to matters that are unrelated to the case at bar. Plaintiffs can not explain why they would not to obtain checks and deposits from this firm's attorney trust account that involve Ovadi, Ofer and Zichroni Malchi outside of the case at bar. Absent such a showing of relevancy, plaintiffs' subpoena should be quashed.

Furthermore, Bowe & Fernicola, LLC has a reasonable expectation of privacy in its financial records along with the financial records of its clients. In State v. McAllister, 184 N.J. 17 (2005) the Supreme Court rejected the State's contention that New Jersey does not have a tradition of enhanced protection for bank records. The Supreme Court affirmed the Appellate Division's holding that Article One, paragraph seven of the New Jersey Constitution recognized a citizen's reasonable expectation of privacy in his or her bank records, even when those records are in the possession of the bank. Id. at 29.

Similarly, as a legal entity, Bowe & Fernicola, LLC has a reasonable expectation of privacy regarding to its finances and any disbursements that it may have made to 1161 Rt. 9 LLC, Ovadi Malchi, Zichroni Malchi, and Ofer Malchi. Similarly, the defendants have a reasonable expectation of privacy with regard to their finances and payments that they may have made to this law firm.

Plaintiffs have not provided any basis for their subpoena upon the attorney trust account of Bowe & Fernicola, LLC nor have they demonstrated a need for the documents that they seek that would overcome Bowe & Fernicola, LLC's right to privacy in its financial affairs and the financial affairs of its clients. Based on the foregoing, defendants' motion should be granted.

## POINT II

### DEFENDANTS' MOTION TO QUASH AND FOR THE ENTRY OF A PROTECTIVE ORDER SHOULD BE GRANTED SINCE DEFENDANTS HAVE NOT DEMONSTRATED A COMPELLING NEED TO DEPOSE COUNSEL FOR DEFENDANTS, WILLIAM J. BOWE, ESQ.

While no special privilege or immunity shields a person from deposition simply because he or she is an attorney, the deposition of an attorney for a party to the litigation is not a common practice. Walker v. United Parcel Services, 87 F.R.D. 360, 361 (E.D.Pa.1980). A request to depose an opposing party's attorney must be weighed by balancing the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself. Johnston Development Group, Inc. v. Carpenter's Local Union No. 1578, 130 F.R.D. 348, 352 (D. N.J. 1990).

Some Federal Courts have held that the party seeking the protective order to preclude its attorney's deposition, bears the burden under Fed.R.Civ.P 26(c) of demonstrating good cause to preclude or limit the testimony. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986). However, other federal courts have employed a different approach under Fed.R.Civ.P. 26(c) when the proposed deponent is an attorney, recognizing the potential negative impact of attorney depositions on the adversarial process. Kerr v. Able Sanitary and Environmental Services, Inc. 295 N.J. Super. 147, 157 (App. Div. 1996). These courts recognize the principle that an opposing counsel's deposition should be permitted only in limited circumstances, concluding that "the party seeking to depose another party's attorney must demonstrate the propriety and need for the deposition." Id citing American Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 585 (S.D.Cal.1995) (citing Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986); Harriston v. Chicago Tribune Company, 134 F.R.D. 232,

233 (N.D.Ill.1990); Hay and Forage Industries v. Ford New Holland, Inc., 132 F.R.D. 687, 689 (D.Kan.1990); West Peninsular Title Company v. Palm Beach County, 132 F.R.D. 301, 302 (S.D.Fla.1990); Advance Systems, Inc. of Green Bay v. APV Baker PMC, Inc., 124 F.R.D. 200, 201 (E.D.Wis.1989); N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 84 (M.D.N.C.1987).

Courts that recognize the problems attorney depositions present require the "party seeking to depose an opposing party's attorney to establish a legitimate basis for requesting the deposition, and to demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." Id. at 158 citing Krieger, supra, 160 F.R.D. at 588 (citing N.F.A. Corp., supra, 117 F.R.D. at 85). Therefore, these courts regard the request to depose a party's attorney as constituting good cause for obtaining a protective order under Federal Rule 26(c), impliedly recognizing that the presumptive "good cause" for the protective order can be overcome only upon a showing of propriety and need for the deposition. See Krieger, supra, 160 F.R.D. at 588 n. 3 (citing N.F.A. Corp., supra, 117 F.R.D. at 85; see also West Peninsular Title Company, supra, 132 F.R.D. at 302.

In determining whether the deposition of an attorney may be permitted, the Federal Courts have held that the following factors must be analyzed:

> (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony.

Johnston, supra, 130 F.R.D. at 353.

Any discovery sought by a party must pass the proportionality test of Rule 26(b)(1). Id. It must concern relevant information that is within the inquiring party's legitimate discovery needs when assessed against the lawsuit's "nature and complexity, the importance of the issues at

stake in a case seeking damages ... and the significance of the substantive issues...." Id. citing Notes of the Advisory Committee, Rule 26 (b)(1983 Amendment). Second, availability from other sources, along with the desire to avoid cumulative or duplicative discovery, are also factors favoring limitation of discovery under Rule 26 (b)(1)(i) Id. Third, the issue of oppression arises with regard to the deposition of opposing counsel. Id. A principle concern is whether an attorney's deposition will hinder the attorney's efforts on behalf of the client and introduce an unhealthy and unproductive dynamic into the litigation. Id. "The court is well-advised to assess this risk if the deposition is otherwise justified, for the discovery may extract a dear price from the healthy adversary process upon which our system places such heavy reliance." Id.

In New Jersey, R. 4:10-3 provides the means by which a person may seek to obtain an order of protection against an improper discovery request. Kerr, supra, 295 NJ Super at 155. That rule states in relevant part that "Upon motion ... by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect the person from annoyance, embarrassment, oppression, or undue burden or expense...." Id.

R. 4:10-3 requires that the movant bears the burden of persuading the court that good cause exists for issuing the protective order. Id. at 155. However, in situations involving a request to depose an opposing party's attorney, the New Jersey courts have held that the burden is placed upon the proponent of the deposition to demonstrate the propriety and need for the deposition. Id. at 155-156.

The New Jersey courts have held that in deciding whether to issue a protective order as to an attorney's deposition, essentially the same issues as those set forth by the Federal Courts must be analyzed:

> (1) the relative quality of the information purportedly in the attorney's knowledge, and the extent to which the proponent of the deposition can demonstrate the attorney possesses such information; (2) the availability of the information from other sources that are less intrusive into the adversarial process, i.e., the extent to which all other reasonable alternatives have been pursued to no avail; (3) the extent to which the deposition may invade work product immunity or attorney-client privilege; and (4) the possible harm to the party's representational rights by its attorney if called upon to give deposition testimony, i.e., the extent to which the deposition will affect attorney preparation or participation on behalf of the client.

Id. at 159.

In the case at bar, William J. Bowe, Esq., had very limited involvement in the events that underlie this litigation. Attorney Bowe represented Ovadi Malchi on the closing of a loan that Mr. Malchi obtained from Greenpoint Mortgage Bank in December of 2004. (See, the Certification of William J. Bowe, Esq. submitted in response to plaintiffs' motion to disqualify this firm as counsel for the defendants). Thereafter, in March of 2005 Attorney Bowe prepared a lease which was executed by Schlomo Green for Super Stop supermarket at the Property. (See, Paragraph 18 of the Certification of William J. Bowe, Esq. submitted in response to plaintiffs' motion to disqualify this firm as counsel for the defendants).

Based on the foregoing, the relative quality of the information possessed by Attorney Bowe is quite limited. The loan documents and the lease to Schlomo Green speak for themselves and require no testimony from Attorney Bowe as to their contents. Any information that plaintiffs seek with regard to the loan documents and the lease to Schlomo Green may be obtained by obtaining the documents in question and by taking the depositions of Mr. Malchi and Mr. Green. Reviewing the documents in question and deposing Mr. Malchi and Mr. Green would be far less intrusive than deposing Mr. Bowe since this firm represents the defendants in this matter.

                                  BOWE & FERNICOLA, LLC
                                  Attorneys for Defendants

                                  By: _____
                                  PAUL V. FERNICOLA, ESQ.

Dated: July 24, 2007