NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MENACHEM SCHMULOVICH and TOVA SCHMULOVICH,** : | : | Civil Action No. 07-597 (FLW) |
| Plaintiffs, | : | |
| v. | : | OPINION AND ORDER |
| **1161 Rt. 9 LLC, et al.,** | : | |
| Defendants. | : | |

### I. INTRODUCTION

Currently before the Court is a Motion filed by Defendants, 1161 Rt. 9 LLC, Ovadi Malchi, Zichroni Malchi, and Ofer Malchi (hereinafter "Defendants") to Quash subpoenas served upon Fleet Bank, Independence Bank, Community Bank, Hudson City Savings Bank, Commerce Bank, and Sovereign Bank by Plaintiffs, Menachem Schmulovich and Tova Schmulovich (hereinafter "Plaintiffs") [Docket Entry No. 26]**.** In the underlying case, Plaintiffs assert various causes of action arising out of the Defendants' alleged breach of the 1161 Rt. 9 LLC partnership agreement. This motion was considered without oral argument pursuant to FED.R.CIV.P. 78. For the following reasons and for good cause shown, Defendants' Motion to Quash is DENIED.

### II. STATEMENT OF FACTS

Plaintiff Menachem Schmulovich and Defendants Ovadi Malchi and Zichroni Malchi formed the business entity 1161 Route 9 LLC ("LLC") in order to jointly purchase property located at 1161, Route 9, Lakewood, New Jersey ("property"). Brief in Support of Defendants' Motion to Quash Subpoenas at 1 (hereinafter "Supporting Brief"). Plaintiffs seek to establish

that Defendants breached the LLC partnership agreement, and as a result, cheated Menachem Schmulovich out of a substantial sum of money. Id. Specifically, they assert that Defendants secretly removed Schmulovich's name from the LLC, fraudulently obtained mortgages on the property while retaining the proceeds for themselves, and attempted to sell the property in their own name to a third party for $1.2 million. Plaintiffs' Brief in Opposition to Defendants' Motion to Quash Subpoenas at 1 (hereinafter "Opposition Brief"). Moreover, Plaintiffs oppose Defendants' contentions that Menachem Schmulovich neither contributed to the LLC, nor the purchase of the property, as well as other costs, expenses and improvements related to the property. Id.

Accordingly, on May 15 and 21, 2007, Plaintiffs served subpoenas upon various individuals, businesses and banks, seeking the location of the contested funds exchanged between the parties in transactions concerning the LLC and property. Supporting Brief at 2. The subpoenas issued to the banks requested all documents associated with any business and personal bank accounts held by defendants Ovadi Malchi, Ofer Malchi, and Zichroni Malchi at those institutions. Id.

Defendants now move to Quash the subpoenas served on these financial institutions requiring the production of documents pertaining to the personal bank accounts of the Defendants, their family members, or any of their business entities other than the LLC at issue. Id. at 1. Defendants argue that these subpoenas do not seek information relevant to the LLC and property in question, and further invades their reasonable expectation of privacy. Id.

**III. LEGAL ANALYSIS**

    **A. Legal Standard**

The scope of discovery in federal litigation is broad. FED.R.CIV.P. 26(b)(1). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Id. However, the Court has a responsibility to protect privacy and confidentiality interests. Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Hence, the Court has authority to "fashion a set of limitations that allow as much relevant material to be discovered as possible, while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Id. For instance, the Court has discretion to issue protective orders that impose limitations on the extent and matter of discovery where required "to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c). Any information sought by the parties need not be admissible at trial, but is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence. Id.

A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under FED.R.CIV.P. 26(b)(1). Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003). If a subpoena falls outside the scope of permissible discovery, the Court has authority to Quash or modify it upon a timely motion by the party served. FED.R.CIV.P. 45(c)(3). Specifically, four circumstances exist which require the Court to quash or modify a subpoena. Rule 45(c)(3)(A) provides that:

> (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;

>   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides…,
>
>   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
>   (iv) subjects a person to undue burden.

Generally, any motion to Quash or modify a subpoena directed towards a non-party, must be brought by the non-party itself. Thomas v. Marina Assocs., 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). However, a party to the action will have standing to quash or modify a non-party subpoena when it claims a privilege or privacy interest in the information sought from the non-party. Id.

In determining whether to grant the Defendants' Motion to Quash subpoenas, the Court will examine whether the Defendants have standing to bring this motion, the relevancy of the production sought, whether any privilege or protection applies to the production, and whether the subpoena subjects Defendants to undue burden.

**B. Standing**

A party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought. DIRECTV, Inc. v. Richards, 2005 WL 1514187 at *1 (D.N.J. June 27, 2005) (citing Catskill Development, LLC v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information. Id.; Transcor, Inc., 212 F.R.D. at 590-591. Here, Defendants assert a personal privilege with respect to their bank account records.

4

Therefore, the Court finds that Defendants have proper standing to move to Quash subpoenas on their bank accounts.

### C. Plaintiffs' Subpoenas Will Likely Disclose or Lead to Relevant Facts.

The Court finds the information sought by the subpoenas to be relevant to the allegations made by the Plaintiffs. The Court cannot quash a subpoena that leads to unprivileged, relevant or admissible evidence. <u>Transcor, Inc.</u>, 212 F.R.D. at 588; <u>See</u> <u>DIRECTV, Inc.</u>, 2005 WL 1514187 at *3; 9 JAMES WM. MOORE, ET AL., Moore's Federal Practice ¶ 45.03 (3d ed. 2006).

Defendants argue that the documents requested bear no relation to the LLC, and simply detail Defendants' day to day personal monetary activities. Supporting Brief at 1. However, Plaintiffs have referenced over ten transactions involving the LLC where money allegedly exchanged hands between the parties or a third party. Opposition Brief at 2-7. Plaintiffs cannot locate records of these transactions in the accounts belonging to the LLC, and deduce that other accounts must have been used to conduct LLC business. <u>Id.</u> at 1-2.

For instance, the Defendants acquired the property through an all cash transaction to which the Plaintiffs claim to have contributed. <u>Id.</u> at 2. However, the LLC bank records do not reflect the source of the funds for the purchase of the property. <u>Id.</u> Plaintiffs further assert that they cannot locate money borrowed by Defendants through a one year mortgage on the property, or which LLC account supplied the monthly mortgage payments. <u>Id.</u> at 3.

In light of the factual circumstances surrounding the numerous financial transactions involved in this matter, the Court finds that the subpoenas may result in information that could verify or disprove the existence of transactions through accounts other than those belonging to the LLC, and consequently whether any breach of the partnership agreement occurred. As such,

5

the subpoenas seek documents relevant to the issues in this litigation, and the Court will not grant Defendants' Motion to Quash on the basis that they do not fall under the framework of allowable discovery under FED.R.CIV.P. 26(b)(1).

**D. Plaintiffs' Third-Party Subpoena Does Not Uncover Privileged Material.**

The Court must Quash or modify a subpoena that seeks the disclosure of privileged or other protected material when no waiver or exception applies. FED.R.CIV.P. 45(c)(3)(A)(iii). Defendants contend that the subpoenas served on the banks require the disclosure of fiscal records, and that New Jersey law protects personal financial information through a right of privacy. Supporting Brief at 9-10.

Federal Rule of Evidence 501 governs privileges asserted in federal cases. First Atlantic Leasing Corp. v. Tracey, 128 F.R.D. 51, 54 (D.N.J. 1989). However, state law will govern privileges in federal cases where state law supplies the rule of decision for an element of a claim or defense. Id. at 54-55. Therefore, the Court must first examine whether New Jersey law considers customer bank records as privileged, or otherwise apply federal law.

New Jersey's state courts recognize a reasonable expectation of privacy in one's account records to prevent against unreasonable governmental searches under the New Jersey Constitution. State v. McAllister, 184 N.J. 17 (N.J. 2005). Still, this protection does not "rise to the level of an evidentiary privilege---since the material would be freely obtainable through the use of lawful process." First Atlantic Leasing Corp., 128 F.R.D. at 51-56. Thus, financial account records are not privileged under New Jersey state law. Id.

Additionally, under federal law, the Constitution does not recognize a citizen's expectation of privacy in bank records. State v. McAllister, 184 N.J. at 26 (citing United States

6

v. Payner, 447 U.S. 727 (1980)). Consequently, the Defendants may rely simply upon a expectation of privacy interest in financial records to strike down Plaintiffs' Motion to Quash the subpoenas.

Furthermore, Defendants' reliance on DeMasi v. Weiss, 669 F.2d 114 (3d Cir. 1982), and Berrie v. Berrie, 188 N.J. Super. 274 (App Div. 1983) is misplaced. Neither of these cases hold that an individual possesses an absolute privilege with respect to his or her personal financial records. See DeMasi, 669 F.2d at 120-21; Berrie, 188 N.J. Super. at 274. Instead, these courts acknowledge that financial information could be disclosed when its relevancy to the case outweighs the intrusion to the producing party's privacy. Id.

In the instant matter, Defendants do not have an absolute privilege to their financial records under state or federal law. Furthermore, the Defendants' bank records are relevant within the discovery context, to the issues in this matter. Therefore, the court will not Quash the Plaintiffs' subpoenas on the basis that they seek privileged or protected material.

**E. The Third-Party Subpoena Does Not Subject Defendants to an Undue Burden.**

Defendants also classify the subpoenas served upon the financial institutions as unduly burdensome under FED.R.CIV.P. 45(c)(3)(A)(iv). Brief in Reply to Plaintiffs' Opposition to Defendants' Motion to Quash Subpoenas at 14 (hereinafter "Reply Brief"). A subpoena is considered unduly burdensome when the Court finds that it "is unreasonable or oppressive." DIRECTV, Inc., 2005 WL 1514187 at *1 (citing Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984)). The party moving to quash has the heavy burden of demonstrating the unreasonableness or oppressiveness of the subpoena. Id.

A strict definition does not exist for "unreasonable or oppressive" requests, rather the Court must decide what meets this criteria on a case by case basis. Williams v. City of Dallas, 178 F.R.D. 103,109 (N.D. Tex. 1998). Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request for the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity. 9 JAMES WM. MOORE, ET AL., Moore's Federal Practice ¶ 45.32 (3d ed. 2006); In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 495 (E.D. Pa. 2005).

Plaintiffs have asserted a significant need for the subpoenaed information as it will assist them in tracking and establishing the trail of money to support their claims regarding the LLC. Moreover, the Court has already established that within discovery the documents are relevant to this litigation. While the Court acknowledges the broad scope of Plaintiffs' subpoena to obtain all documents associated with Defendants' business and personal accounts, the necessity of such a request stems from Plaintiffs inability to locate evidence of alleged transactions involving the property within the LLC accounts. Moreover, any burden to produce would be borne by the financial institutions and not Defendants themselves. The Court finds that Plaintiffs only impose a slight burden upon the financial institutions who must produce these records, and the Court notes that some have already indicated that they would comply with the subpoenas.

Therefore, the Defendants have not convinced the Court of the unreasonableness or oppressiveness of Plaintiffs' request. Therefore, the Court will not Quash Plaintiffs' subpoenas on the basis that it proves unduly burdensome to the Defendants.

**F. Defendants May Seek a Protective Order.**

Plaintiffs' subpoenas seek relevant information, to which to no privilege or protection apply, and do not subject Defendants to an undue burden. As a result, Defendants Motion to Quash the subpoenas served on various financial institutes must be denied.

Defendants have set forth concerns that Plaintiffs' subpoena qualifies as a fishing expedition designed to harass and elicit personal financial information of Defendants and their family members. Defendants concerns may be cured if the parties were willing to enter into a confidentiality protective order pursuant to L.Civ.R. 5.3 to ensure that the produced materials will remain confidential.  The parties are encouraged to discuss an agreement to ensure the proper maintenance of confidential person information pursuant to the Rules of the Court and relevant case law.

## IV. CONCLUSION

For the aforementioned reasons, IT IS on this 13th day of August 2007,

ORDERED that Defendants' Motion to Quash subpoenas issued to Fleet Bank, Independence Bank, Community Bank, Hudson City Savings Bank, Commerce Bank, and Sovereign Bank is DENIED; and it is further

ORDERED that Plaintiffs advise the financial institutions of the Court's decision; and it is further

ORDERED that the Clerk of the Court terminate this Motion accordingly. [Docket Entry No. 26].

             s/ Tonianne J. Bongiovanni  
            HON.  TONIANNE J. BONGIOVANNI  
            UNITED STATES MAGISTRATE JUDGE