**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MENACHEM SCHMULOVICH and TOVA
SCHMULOVICH,

                    Plaintiffs,

      v.

1161 RT. 9 LLC, a New Jersey Limited
Liability Corporation, OVADI MALCHI,
ZICHRONI MALCHI, OFER MALCHI,
HECTOR SANTO and JOHN AND JANE
DOES 1 THROUGH 100,

                    Defendants.

Civil Action No. 07 cv 597 (FLW)

**SECOND AMENDED COMPLAINT AND**
**JURY DEMAND AND ANSWER TO**
**DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Menachem Schmulovich and Tova Schmulovich, through their attorneys, Bressler, Amery & Ross, P.C., 325 Columbia Turnpike, Florham Park, New Jersey 07932, by way of this Complaint and Jury Demand against Defendant 1161 Rt. 9 LLC, a New Jersey Limited Liability Corporation, Ovadi Malchi, Zichroni Malchi, and Ofer Malchi, John And Jane Does 1 Through 100, and Hector Santo ("Defendants") say:

<u>**NATURE OF THE CASE**</u>

1.    This case arises out of a dispute involving the purchase by Schmulovich of two parcels of land, 1161 Rt. 9, Lakewood, New Jersey, and 16 South Clifton Lakewood, New Jersey (the "parcels"). The Defendants in this case, particularly three brothers, Ovadi Malchi, Zichroni Malchi, and Ofer Malchi ("Malchi Brothers") engaged in fraud and deception with regard to the purchase of both parcels, as well as execution of a lease and addendum to a lease involving 16 South Clifton Avenue. Schmulovich seeks a declaratory judgment, under the Declaratory

873662_1

1

Judgment Act, 28 U.S.C. §§ 2201-2202, that he is an owner and member of 1161 Rt. 9, Lakewood New Jersey, imposing a constructive trust, as well as ordering an injunction preventing the Malchi brothers or 1161 Rt. 9 LLC from selling 1161 Rt. 9, making any further changes or renovations to 16 South Clifton Avenue, collecting any rents from any tenants at 16 South Clifton Avenue, and instead directing that those rents be paid to Schmulovich, and order an accounting for all of Defendants' transactions for the period they controlled the Parcels. Further, Ovadi Malchi, to the extent that he ever had a valid lease on 16 South Clifton, breached that lease by failing to pay rent, failing to pay utilities, vandalizing the property, abandoning the property, and unlawfully subleasing 16 South Clifton to Hector Santo, another defendant. Schmulovich also seeks damages by virtue of fraud, conversion, and breach of fiduciary duties, as well as attorneys fees and costs of suit.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction under 28 U.S.C. §1332 in that this action is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3.      There is complete diversity of citizenship.  Plaintiffs reside at 1258 East 27th Street, Brooklyn, New York. Defendant 1161 Rt. 9 LLC is a New Jersey Limited Liability Corporation with its principal place of business 115 Liberty Drive, Lakewood, New Jersey. Defendant  Ovadi Malchi resides in Lakewood, New Jersey. Defendant  Zichroni Malchi resides in Lakewood, New Jersey. Defendant  Ofer Malchi resides in Lakewood, New Jersey. Hector Santo resides and works in New Jersey.

4.      Venue is properly laid in this Judicial District pursuant to 28 U.S.C. § 1391 because Defendants reside in this district and because a substantial part of the events and occurrences giving rise to the claims occurred in this District.

### FACTUAL BACKGROUND

5.      Plaintiffs Menachem Schmulovich and Tova Schmulovich are husband and wife. Together, they reside at 1258 East 27th Street, Brooklyn, New York.  They own 16 South Clifton Avenue, Lakewood, New Jersey.

6.      Plaintiff Menachem Schmulovich was born and raised in Israel and did not come to the United States until 1980.  He was educated in Israel and his native language is Hebrew. He does not speak English well, as it is his second language.

7.      Defendant 1161 Rt. 9 LLC is a New Jersey Limited Liability Corporation with its principal place of business 115 Liberty Drive, Lakewood, New Jersey, 08701.  Members include Zichroni Malchi, Ovadi Malchi, and Menachem Schmulovich. Zichroni Malchi is the registered agent.  A true and authentic copy of the Certificate of Formation is attached as Exhibit 1.  1161 Rt. 9 LLC was formed pursuant to a partnership agreement ("Agreement"), dated November 1, 2004, among Zichroni Malchi, Ovadi Malchi, and Menachem Schmulovich  A true and authentic copy of the Agreement is attached as Exhibit 2.

8.      Defendant Ovadi Malchi resides in Lakewood, New Jersey.  He is a member of 1161 Rt. 9 LLC and a party to the Agreement.  Ovadi Malchi is also a tenant at 16 South Clifton Avenue.

9.      Defendant  Zichroni Malchi resides in Lakewood, New Jersey.  He is a member of 1161 Rt. 9 LLC and a party to the Agreement.

10.     Defendant Ofer Malchi resides in Lakewood, New Jersey.  He sold 16 South Clifton Street, Lakewood, New Jersey to Menachem Schmulovich and Tova Schmulovich on or about October 23, 2003.

## 16 South Clifton Avenue, Lakewood, New Jersey

11.     In or about October 2003, Defendant Ofer Malchi offered to sell Plaintiffs 16 South Clifton Avenue, real property in Lakewood, New Jersey.  When Ofer Malchi offered to sell Plaintiffs the property, Ofer Malchi specifically and expressly told Plaintiffs that 16 South Clifton was a commercial property with a commercial space on the first floor and two residences on the second floor.

12.     Ofer Malchi told Schmulovich that he would not need an attorney and that it would be best if he used Ofer attorney, Mark Sininsky, who had handled other matters for Ofer Malchi and his family.  Ofer told Schmulovich that attorney Sininsky was fully familiar with the property and could represent his interests.

13.     On or about October 22, 2003, Ofer Malchi and Plaintiffs entered into a Contract for the Sale of 16 South Clifton for the purchase price of $341,500.00. ("Contract for Sale"). (A true and authentic copy of the contract is attached as Exhibit 3).

14.     The Contract for Sale specified at Paragraph 13 that Plaintiffs intended to use the property for a commercial store plus two residential properties.  Ofer Malchi represented to Plaintiffs that this use did not violate any zoning ordinances, building codes, or other laws.  Ofer Malchi also stated that he would provide a proper residency certification at closing, including a certificate of occupancy.  Attorney Sininsky never informed Plaintiffs otherwise.

15.     Ofer Malchi never provided a certificate of occupancy for the property at closing. However, at all times, Ofer Malchi represented to Mr. Schmulovich that the property was a two family residence.   Also, attorney Sininsky never provided Plaintiffs with the required documentation or any other information that would confirm Malchi's statements.

16.     However, the property is not zoned as a two family residence, and on or about November 16, 2006, the Town of Lakewood issued two summonses on the premises, for failure to obtain a proper certificate of occupancy for a two family residence.  (A true and authentic copy of the summonses are attached as Exhibit 4).

17.     Furthermore, Ofer Malchi did not disclose that his brother, Ovadi Malchi, was a tenant at 16 South Clifton, and there was no reference in the contract to a lease.  Moreover, attorney Sininsky did not inform Plaintiffs of any such lease, or provide Plaintiffs with any lease documentation.

18.     Without Plaintiffs' knowledge or consent, prior to closing on the sale of 16 South Clifton Avenue, Ofer Malchi purportedly entered into a Lease Agreement with his brother, Ovadi Malchi, on or about May 1, 2004. ("Lease Agreement")  This lease was for a term of five (5) years, ending on April 30, 2009, with two five (5) year options.  (A true and authentic copy of this Lease Agreement is attached as Exhibit 5).  Ofer Malchi did not advise Plaintiffs about this Lease Agreement until after the closing, which took place on or about June 2, 2004.

19.     Paragraph 11 of the lease provides that Ovadi Malchi, the tenant, was to provide and keep in force liability insurance for accidents of not less than $100,000 and property damage of not less than $100,000.  To date, tenant Ovadi Malchi never provided any proof of insurance coverage naming Plaintiffs as interested parties.  Ovadi Malchi is well aware that the purchase price was $341,500.00, and the mortgage would require that amount in insurance at least.

20.     Paragraph 12 of the lease provides that the tenant will hold harmless and indemnify the landlord for any payments, expenses, costs, reasonable attorneys fees and from any claims and liabilities for losses or damage to property resulting from any acts or omissions by tenant.

21.     Paragraph 21 of the lease states that the tenant, Ovadi Malchi, shall be deemed in default if, among other things, he fails to pay rent, fails to pay utilities, or abandons the building.

22.     Paragraph 34 of the Lease states that there was a deposit of $1,800.00.  However, the HUD-1 statement for the purchase of 16 South Clifton shows that no such deposit was ever transferred to Plaintiffs.  (A true and authentic copy of the HUD-1 statement is attached as Exhibit 6).

23.     In or about February 2006, both Ovadi Malchi and Ofer Malchi approached Schmulovich and advised him that Ovadi Malchi wanted to build out an office on the second floor of 16 South Clifton Avenue for his own use.  Ovadi Malchi and Ofer Malchi told Mr. Schmulovich that that they needed his permission to make the renovations.  Schmulovich was specifically told that the renovations would be for Ovadi Malchi's use.

24.     Because Mr. Schmulovich does not read or speak English well, he relied on the representations of Defendants.

25.     Ovadi Malchi and Ofer Malchi told Schmulovich that Schmulovich needed to sign a piece of paper giving them permission to make renovations.  Schmulovich did not read the paper that they provided to Schmulovich, but signed the paper based on Defendants' representations.  Defendants' told Schmulovich that he did not need a lawyer.

26.     The document Ovadi Malchi and Ofer Malchi had Schmulovich sign was, in fact, an "Addendum to Commercial Lease of 16 South Clifton Avenue, Lakewood, New Jersey."

("Addendum"). (A true and authentic copy of the Addendum is attached as <u>Exhibit 7</u>).  This Addendum did not reflect the agreement between Defendants and Schmulovich or the representations that were made to Schmulovich by Defendants.  According to the Addendum, (a) Plaintiffs could not raise the rent for the life of Ovadi Malchi's Lease Agreement; (b) Ovadi Malchi would now have five (5) renewal options instead of two; and (c) Ovadi Malchi could rent out the renovated space and charge and keep rents for himself.

27.     Schmulovich would never have agreed to the terms of the Addendum if he had read it, or if he was able to read and understand it because of his severe language barrier.  But for Defendants' representations about its purpose, and their insistence that Schmulovich not see an attorney, he would never have signed the Addendum or agree to give Defendants permission to perform renovations.

28.     By virtue of the fraud perpetrated upon Plaintiffs by Defendants, Ovadi Malchi has obtained all the benefits of ownership of 16 South Clifton while Plaintiffs have been stripped of all benefits of ownership.

29.     After this document was signed, Defendants have attempted to create an uninhabitable environment in order to get rid of tenants.  For example, Defendants at various times, turned off the hot water, thereby exposing Plaintiffs to the danger of bursting pipes in the winter.  Also, Defendants turned on the hot water and left it open over night, causing Plaintiffs hundreds of dollars in utility bills.  Defendants also tampered with electrical wiring.  These tactics caused Plaintiffs to lose tenants.

30.     Also, Plaintiffs never received the Certificate of Occupancy from Defendants.

31.     In 2007, Lakewood Township revoked permits for Ovadi Malchi to renovate 16 South Clifton Avenue, thus preventing Ovadi Malchi or any so-called sub-tenant from doing

renovations. While Ovadi Malchi and Ofer Malchi have not lived up to their promises to renovate, Plaintiffs have not been able to raise the rent or made any changes to the lease agreement.

32.     In sum, the Defendants, the Malchi brothers, have orchestrated an elaborate scheme to defraud Plaintiffs of the benefits of ownership of 16 South Clifton.

33.     Moreover, in or about July 2007, Ovadi Malchi abandoned 16 South Clifton. He vacated the premises, and moved his business elsewhere.  On or about July 9, 2007  Plaintiff Menachem Schmulovitch sent Defendant Ovadi Malchi a notice in writing stating that Ovadi Malchi was in default and that he had 10 days to cure the default. A true and authentic copy of the letter is attached as <u>Exhibit 8</u>. Defendant Ovadi Malchi never responded to the letter and never returned to the building as a tenant.

34.     Further, Ovadi Malchi, as tenant at 16 South Clifton, did not pay his utility bills. At this time, he is in arrears with the utility companies by the approximate amount of more than $ 2,500.00.

35.     The Malchi Defendants also committed acts of vandalism at 16 South Clifton. After abandoning the premises in violation of the Lease, the Malchi Defendants unlawfully entered the premises, destroying property, stealing fixtures. In this regard, they unlawfully took away the heating system on the second floor of the building.

36.     Further, in violation of the Lease, the Malchi Defendants unlawfully entered into an agreement with a subtenant, Defendant Hector Santo, who has now entered the building, planning to run a restaurant. He has further begun major renovations to the property which is improper, unlawful, in contravention of the rights of the Plaintiffs.

### 1161 Route. 9, Lakewood, New Jersey

37.     In 2004, Zichroni Malchi, and Ovadi Malchi approached Menachem Schmulovich and proposed that the three of them purchase commercial real property at 1161 Route. 9, Lakewood, New Jersey, Block 1064, Lot Nos. 2 and 4.

38.     Zichroni Malchi and Ovadi Malchi proposed that each of them put up 33 1/3 % of the purchase price and that each of them would own 33 1/3 % of the property, be responsible for 33 1/3 % of all costs associated with the property, and each would receive 33 1/3 % of the revenues.

39.     On or about July 1, 2004, Schmulovich and Defendants Zichroni Malchi and Ovadi Malchi formed 1161 Route 9 LLC for the purposes of purchasing the property.  (A true and authentic copy of the Certificate of Formation is attached as Exhibit 1).  The Certificate of Formation filed with the New Jersey Department of State, identifies Zichroni Malchi as Registered Agent of the corporation and Ovadi Malchi and Schmulovich as Members of the corporation.

40.     Ovadi Malchi and Zichroni Malchi informed Mr. Schmulovich that the purchase price of the property was $930,000, to be paid as follows: each member was to pay a cash contribution of $199,000, for a total of $597,000, with the balance to be paid by mortgage.

41.     In July 2004, prior to closing, Schmulovich contributed $150,000 by way of borrowing $150,000 from the Defendants at 18% interest which Schmulovich later repaid in full in August 2005.

42.     Closing was held on and between October 26, 2004 and November 3, 2004 ("Closing"). At Closing Schmulovich contributed an additional $50,325 by way of a check and

cash. The Malchis told Schmulovich that they each paid a like sum toward the property at 1161 Route 9.

43.    On or about October 27, 2004, without Schmulovich's knowledge or consent, Defendants unilaterally filed an amendment to 1161 Route 9, LLC, removing Schmulovich and Zichroni Malchi as members of the LLC. (A true and authentic copy of the amendment filed with the Secretary of State for the State of New Jersey is attached as Exhibit 9). Schmulovich never gave his permission to be removed from the LLC, nor did Schmulovich give his permission for the Defendants to file such a document with the state of New Jersey.

44.    On or about November 1, 2004, Defendants and Schmulovich memorialized the arrangement and executed an LLC Agreement. Under the LLC Agreement, Defendants and Schmulovich would be equal owners in 1161 Rt. 9. Each owned 33 1/3 % of the property, were responsible for 33 1/3 % of all costs associated with the property, and each would receive 33 1/3 % of the revenues. (A true and authentic copy of the Partnership Agreement is attached as Exhibit 2). Ovadi Malchi appointed himself as managing member of the LLC. This was reflected in the Agreement. At the signing of the Agreement, Ovadi Malchi and Zichroni Malchi did not tell Schmulovich that they had removed him from the LLC.

45.    At Closing, Ovadi Malchi and Zichroni Malchi and their lawyer, Mark Sininsky, appeared. Schmulovich appeared because Ovadi Malchi told him to come and bring with Schmulovich $50,325, made up of cash and third party bank check in the amount of $44,000. Mr. Schmulovich was told by Ovadi Malchi, who was in charge of the entire Closing, that similar payments were being contributed by Ovadi Malchi and Zichroni Malchi.

46.    At the Closing, Schmulovich did not participate, and sat away from the Malchis' and their attorney, Mark Sininsky. Schmulovich was not asked to sign, nor did Schmulovich

sign any closing documents.  Attorney Sininsky never discussed or showed Schmulovich any of the documents.

47.     At the Closing, after all credits and deductions were made, the sellers in fact only received $453,932.65 (A true and authentic copy of the HUD-1 Statement for 1161 Route 9 is attached as Exhibit 10).  Despite Ovadi Malchi and Zichroni Malchi representations that the purchase price was $930,000.00, the actual purchase price for the property was $480,000.00. Schmulovich obtained a statement from the sellers stating that they did not receive any monies beyond that. (A true and authentic copy of a statement from Mr. Horvath is attached as Exhibit 11).  Ovadi Malchi then recorded a deed with the County Clerk showing that the purchase price was $480,000. (A true and authentic copy of the deed for 1161 Route. 9 is attached as Exhibit 12).

48.     At Closing, neither Ovadi Malchi, Zichroni Malchi, nor their lawyer, Attorney Sininsky, told Schmulovich that they had removed Schmulovich from the LLC.

49.     After Closing, Defendants told Schmulovich that the property needed renovations and improvements, and that the costs would be approximately $390,000.00.  Defendants informed Schmulovich that his 33 1/3 % share of the renovation costs equaled $130,000.00, and that Defendants would each put up their respective 33 1/3 % share of the costs, equaling $130,000.00 each.  Upon information and belief, neither Zichroni Malchi or Ovadi Malchi put up their promised $130,000.00 shares for the renovations.

50.     In order to meet the payment, Schmulovich borrowed $130,000 from Ovadi Malchi at 18% interest and again, the Malchi brothers represented to Schmulovich that they contributed a like sum.

51.     Since Closing, Schmulovich have requested an accounting and demanded to see all books, records, and closing documents, in order to determine what has happened to his money.  The Defendants have denied his requests.

52.     On or about November 4, 2004, only one day after the closing on 1161 Route 9, Ovadi Malchi, in the name of the LLC, proceeded with an application for a Mortgage of $360,000.00 on 1161 Route 9.  Paul Fernicola, the lawyer purporting to represent the LLC, sent a fax to Madison Title  Company stating that he would be the closing attorney. A true and authentic copy of the letter is attached hereto as Exhibit 14.

53.     Fernicola attached to this critical fax the first page of what purports to be a "Limited Liability Company Operating Agreement," dated October 27, 2004. This agreement purports to identify Ovadi Malchi as the sole member of the LLC. (Exhibit 14, page 8/8 of the fax). At the same time, he also attached the Certificate of Formation, which showed that Mr. Schmulovich was a member of the LLC. (Exhibit 14, pages 6 and 7 of the fax).   An almost complete  "Limited Liability Company Operating Agreement,"  (without pages 1 or 2), and dated October 27, 2004, was submitted to Greenpoint Mortgage by the firm prior to closing. A true and authentic copy of the document is attached hereto as Exhibit 15.

54.     Subsequently, Bowe & Fernicola (the "Firm") submitted to Greenpoint Mortgage a December 22, 2004 letter stating, among other things, that the LLC had the power and authority to enter into the  loan. A true and authentic copy of the letter is attached as Exhibit 16. The firm also submitted on  behalf of the LLC a "Members Certificate," in which Ovadi Malchi certified that he was the sole member of the LLC. A true and authentic copy of the  certificate is attached as Exhibit 17. The loan, which closed on December 22, 2004, was for $360,000.00, with an interest rate of $7.250. (Exhibit 18).

55.     On or about December 22, 2004, Ovadi Malchi, on behalf of the LLC, and without advising Schmulovich or obtaining his permission, took out a mortgage on 1161 Route 9 in the amount of $360,000.00 from Greenpoint Mortgage Funding, Inc. ("Greenpoint"). A true and authentic copy of the Mortgage Defendants took out on 1161 Rt. 9 is attached as Exhibit 19.

56.     Greenpoint having approved Ovadi Malchi's application for the loan, wired $360,000.00 into Bowe & Fernicola's trust account based upon Bowe & Fernicola's express instructions.  (Exhibit 18). Bowe and Fernicola, the law firm purporting to represent the LLC, issued its escrow checks from its Trust Account from the mortgage proceeds (minus their fees) *directly to Ovadi Malchi personally*. A true and authentic copy of the check is attached hereto as Exhibit 20.

57.     Defendants have not accounted for the money.  The rental income that had come into the LLC from the tenant was controlled by the Malchis and were used to pay the mortgage. In connection with this mortgage, Ovadi Malchi assigned all of 1161 Route 9, LLC's interests in any leases held in connection with 1161 Route 9 to Greenpoint in order to additionally secure the mortgage.  A true and authentic copy of the Assignment of 1161 Route 9, LLC's interests in leases is attached as Exhibit 21.  Both the mortgage and the assignment were executed by Ovadi Malchi as the "sole member" of 1161 Route 9, LLC, and witnessed by his attorney, William J. Bowe, Esq.  Mr. Schmulovich was not aware of this mortgage or the assignment until Mr. Schmulovich filed this lawsuit.

58.     On or about December 12, 2006, the attorney for Ovadi Malchi, William J. Bowe, wrote a letter to Mr. Schmulovich stating that Ovadi Malchi "is the sole owner of the LLC that owns [1161 Route 9, Lakewood,  New Jersey]." He also declared that "Mr. Malchi is in the process of selling" 1161 Route 9. A true and authentic copy of the December 12, 2006 letter is

attached as <u>Exhibit 22</u>.  Attorney Bowe also advised Schmulovich in his letter that he wanted to "refund" his contributions for the property.

59.    Schmulovich was surprised to learn that Ovadi Malchi was the sole member of the LLC, that there was a mortgage on the property based on a purchase price of $480,000 and not on a $930,000 purchase where a mortgage would be utilized, and that Ovadi Malchi was going to sell the property.  As a part owner of 1161 Route 9 and member of 1161 Route 9, LLC, Schmulovich never consented to his removal as a member of the LLC, or to the encumbering or sale of the property in the fraudulent manner done by Defendants.  Schmulovich never consented for the income from the property to pay a mortgage.  Schmulovich has never received any income from the property.

60.    Eventually, on January 29, 2007, Plaintiffs' attorneys wrote a letter to Attorney Bowe, protesting the unilateral actions taken by Ovadi Malchi and demanding that Ovadi Malchi take no further action to sell, transfer, or otherwise encumber 1161 Route 9.  Plaintiffs' attorneys, on his behalf, also demanded information to which Mr. Schmulovich am entitled by virtue of his membership in the LLC. A true and authentic copy of the January 29, 2007 letter is attached as <u>Exhibit 23</u>.

61.    On or about February 13, 2007, Defendants' lawyer Bowe wrote a letter to Plaintiffs' attorneys in which he claimed that: (a) Mr. Schmulovich never contributed to the LLC; and (b) Mr. Schmulovich had voluntarily withdrawn from the LLC so that the LLC "could secure the necessary financing to purchase the subject property," and (c) that "from that time until the present Mr. Malchi has operated the LLC as the sole member of the LLC, and incurred all expenses and liabilities including the outstanding financing on the property... ." A true and authentic copy of the February 13, 2007 letter is attached as <u>Exhibit 24</u>.

62.     According to the records maintained by the Secretary of State for the State of New Jersey on March 23, 2005, after securing a mortgage of $360,000 without Schmulovich's permission, Ovadi Malchi filed a Certificate of Amendment adding Schmulovich and Zichroni Malchi back to the LLC. A true and authentic copy of the Amendment is attached as Exhibit 25.

63.     On or about May 25, 2006, Defendants filed a Notice of Settlement with the Ocean County Clerk in conjunction with a Second Mortgage Commitment between 1161 Route 9, LLC and Greenpoint Savings Bank. A true and authentic copy of the Notice of Settlement filed with the County Clerk is attached as Exhibit 26. This Second Mortgage Notification on the property was sought without Schmulovich's knowledge or consent, further destroying the value of his property. Schmulovich was not aware of this Second Mortgage until Plaintiffs filed this lawsuit.

64.     On or about February 16, 2007, Plaintiffs filed a Notice of *Lis Pendens* affecting the 1161 Route 9 property with the Ocean County Clerk in connection with this matter. A true and authentic copy of the Notice of *Lis Pendens* is attached as Exhibit 27.

## FIRST COUNT
### (DECLARATORY JUDGMENT)

65.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Plaintiffs seek an Order of this Court that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9.

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants as follows:

a.      An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.      The return of all monies obtained from the Plaintiffs through fraud and deception;

d.      Compensatory damages;

e.      Attorney's fees and costs; and

f.      Such other and further relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF THE 1161 AGREEMENT )**

67.      Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 66 of the Complaint as if fully set forth at length herein.

68.      Under the Agreement, Zichroni Malchi, Ovadi Malchi and Schmulovich would be equal owners in 1161 Rt. 9. Each own 33 1/3 % of the property and be responsible for 33 1/3 % of all costs associated with the property.  In fact, Zichroni Malchi and Ovadi Malchi breached the Agreement by failing to pay their shares of the purchase price and all costs associated with the property.

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants as follows:

a.      An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.      The return of all monies obtained from the Plaintiffs through fraud and deception;

d.      An Order declaring that the partnership and the Agreement are dissolved;

e.      An Order expelling Defendants Zichroni Malchi and Ovadi Malchi from 1161 Rt. 9 LLC;

f.       Compensatory damages;

g.       Attorney's fees and costs; and

h.       Such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (BREACH OF THE  SO-CALLED LEASE AGREEMENT )

69.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 68 of the Complaint as if fully set forth at length herein.

70.     Ovadi Malchi has breached the Lease Agreement at 16 South Clifton because he abandoned 16 South Clifton, and because he failed to pay utilities as required under the lease.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.       An Order declaring that Plaintiffs are the sole owner of the property addressed at 16 South Clifton Avenue Lakewood, New Jersey;

b.       An Order declaring that the Lease is terminated and that Ovadi Malchi has no interest, right, or title of any type in 16 South Clifton.

c.       An Order declaring that Ovadi Malchi did not have the right to sublease the property.

d.       An Order evicting the current sublease, Hector Santo.

e.       An Order requiring Ovadi Malchi to pay the utilities in arrears.

f.       An Order requiring Ovadi Malchi to pay back rent in arrears.

g.       An Order requiring Ovadi Malchi to pay for all damage done to the property.

h.       An Order requiring Ovadi Malchi to pay for the fixtures that he unlawfully took from the premises.

i.       The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 16 South Clifton, Lakewood, New Jersey;

j.      The return of all monies obtained from the Plaintiffs through fraud and deception;

k.      Compensatory damages;

l.      Attorney's fees and costs; and

m.      Such other and further relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – 1161 Route 9)

71.      Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 70 of the Complaint as if fully set forth at length herein.

72.      Implied in every contract, including the Agreement executed by Zichroni Malchi, Ovadi Malchi and Schmulovich, is an implied covenant of good faith and fair dealing.

73.      Through its dealings with Schmulovich, Defendants intentionally and without legal justification engaged in conduct which clearly prevented Schmulovich from benefiting from the LLC Agreement.  Accordingly, Defendant has violated the covenant of good faith and fair dealing.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.      An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.      The return of all monies obtained from the Plaintiffs through fraud and deception;

d.      Compensatory damages;

e.      Attorney's fees and costs; and

f.      Such other and further relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING – THE LEASE)

74.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 73 of the Complaint as if fully set forth at length herein.

75.     Implied in every contract, including the Agreement executed by Zichroni Malchi, Ovadi Malchi and Schmulovich, is an implied covenant of good faith and fair dealing.

76.     Through its dealings with Schmulovich, Defendants intentionally and without legal justification engaged in conduct which clearly prevented Schmulovich from benefiting from the Lease Agreement.  Accordingly, Defendants have violated the covenant of good faith and fair dealing.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.     An Order declaring that Plaintiffs are the sole owner of the property addressed at 16 South Clifton, Lakewood, New Jersey;

b.     An Order that the Lease, or any amendment thereto, is void *ab initio*, or otherwise;

c.     An Order that Defendant Santo must vacate the premises immediately, and that his sublease is void;

d.     The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 16 South Clifton, Lakewood, New Jersey;

e.     The return of all monies obtained from the Plaintiffs through fraud and deception;

f.     Compensatory damages;

g.     Attorney's fees and costs; and

h.     Such other and further relief as the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (FRAUD)

77.     Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 76 of the Complaint as if fully set forth at length herein.

78.     Zichroni Malchi and Ovadi Malchi intentionally misrepresented their participation in the actual purchase in 1161 Rt. 9, Lakewood, New Jersey, and intentionally misrepresented the need for and costs regarding any renovations at the property known as 1161 Rt. 9, Lakewood, New Jersey.

79.     As a result of Defendants' fraud and misrepresentations, Plaintiffs entered into the Agreement, and invested $330,000.00.

80.     Zichroni Malchi and Ovadi Malchi fraudulently obtained $360,000.00 by taking out a mortgage on 1161 Rt. 9, Lakewood, New Jersey.

81.     Further, with respect to 16 South Clifton Avenue, Lakewood, New Jersey, Ofer Malchi intentionally misrepresented the nature of the property, that he falsely stated that there were two residences on the second floor when in fact there were not, that he intentionally failed to disclose that he allegedly had a five year lease with his brother Ovadi Malchi, and that he intentionally misrepresented the purpose and effect of the Addendum to that lease

82.     Further, with respect to 16 South Clifton Avenue, Lakewood, New Jersey, Ofer Malchi and Ovadi Malchi conspired to deprive Plaintiffs of the value of the property by intentionally misrepresenting that a lease arrangement even existed prior to the sale of the property.

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants as follows:

a.     An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

      b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

      c.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 16 South Clifton Avenue, Lakewood, New Jersey;

      d.      The return of all monies obtained from the Plaintiffs through fraud and deception;

      e.      An Order declaring the Lease and the Addendum to the Commercial Lease to be null and void;

      f.      An Order evicting Ovadi Malchi from 16 South Clifton Avenue, Lakewood, New Jersey;

      g.      Compensatory damages;

      h.      Punitive Damages;

      i.      Attorney's fees and costs; and

      j.      Such other and further relief as the Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (INJUNCTIVE RELIEF AS TO 1161 RT. 9, LAKEWOOD N.J.)

      83.     Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 82 of the Complaint as if fully set forth at length herein.

      84.     Ovadi Malchi claims that he is the sole member of 1161 Route 9 LLC, when that is false and known to be false. Ovadi Malchi, through his attorney, is also trying to sell the property, known as 1161 Route 9, Lakewood, New Jersey, even though Ovadi Malchi is not the sole owner of the property, and Plaintiffs have an ownership interest in the property.

      85.     Plaintiffs will be irreparably harmed if 1161 Route 9, Lakewood, New Jersey is sold. Further, the balance of the equities favors the Plaintiffs because the documents themselves show that the Plaintiffs have an ownership interest in the property and that the property cannot be

sold without their approval. Moreover, Zichroni Malchi and Ovadi Malchi will not be unfairly prejudiced because they should not sell the property without Plaintiffs permission in any event, and if the Court ultimately rules in their favor, they will be able to sell the property.

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants as follows:

a.      Entry of a temporary and preliminary injunction prohibiting Defendants from:

      i.      selling or otherwise transferring ownership, equitable or otherwise, of 1161 Rt. 9, Lakewood, New Jersey;

      ii.      Drawing on 1161 Rt. 9 LLC's checking accounts, savings accounts, lines of credit, or other financial accounts;

      iii.      Accessing 1161 Rt. 9 LLC's mail, books and records, computer software, or other business information and documents;

      iv.      Evicting, constructively evicting, or denying Menachem Schmulovich access to 1161 Rt. 9, Lakewood, New Jersey (the "Property");

      v.      Interfering with Menachem Schmulovich's ability to access its equipment, records, and other assets located at the Property;

      vi.      Such other and further activity as may be proper and necessary.

b.      Entry of a permanent injunction prohibiting Defendants from:

      i.      selling or otherwise transferring ownership, equitable or otherwise, of 1161 Rt. 9, Lakewood, New Jersey;

      ii.      Drawing on 1161 Rt. 9 LLC's checking accounts, savings accounts, lines of credit, or other financial accounts;

      iii.      Accessing 1161 Rt. 9 LLC's mail, books and records, computer software, or other business information and documents;

      iv.     Evicting, constructively evicting, or denying Menachem Schmulovich access to 1161 Rt. 9, Lakewood, New Jersey (the "Property");

      v.     Interfering with Menachem Schmulovich's ability to access its equipment, records, and other assets located at the Property;

      vi.     Such other and further activity as may be proper and necessary.

     c.     Compensatory damages;

     d.     Attorney's fees and costs; and

     e.     Such other and further relief as the Court deems just and proper.

<u>**EIGHTH CLAIM FOR RELIEF**</u>
**(INJUNCTIVE RELIEF AS TO 16 SOUTH CLIFTON AVENUE, LA KEWOOD N.J.)**

86.     Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth at length herein.

87.     Ovadi Malchi and/or Hector Santo, continues to renovate the building even though permission to renovate was procured through fraud and deception, and even though the building department has now pulled all permits.

88.     Plaintiffs will be irreparably harmed if these renovations are permitted to proceed, especially since the property was purchased with knowledge that there were two residences on the second floor. Once these renovations are made, Plaintiffs will be unable to rent out the building.

89.     Further to this point, Ovadi Malchi has prevented Plaintiffs from changing the locks to the building or taking any steps to control their own property. in this regard, The Malchi Defendants have called the police and swore out complaints against Plaintiffs because they attempted to take control of their own building.

90.    The balance of the equities favors the Plaintiffs since Plaintiffs are the landowners. Moreover, Ovadi Malchi will not be unfairly prejudiced because the township has already ordered a stop to the renovations.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.    Entry of a temporary and preliminary injunction  prohibiting Defendants from:

i.    Any further renovations of 16 South Clifton Avenue, Lakewood, New Jersey;

ii.    Interfering with Menachem Schmulovich's ability to access its equipment, records, and other assets located at the Property; and

iii.    Such other and further activity as may be proper and necessary.

b.    Entry of a permanent injunction prohibiting Defendants from:

i.    Any further renovations of 16 South Clifton Avenue, Lakewood, New Jersey;

ii.    Interfering with Menachem Schmulovich's ability to access its equipment, records, and other assets located at the Property; and

iii.    Such other and further activity as may be proper and necessary.

d.    Entry of an Order naming Menachem Schmulovich as the receiver of all rents and other monies relating to this property.

e.    Compensatory damages;

f.    Attorney's fees and costs; and

g.    Such other and further relief as the Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (ACTION IN EJECTMENT FOR 16 SOUTH CLIFTON )

91.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth at length herein.

92.     Hector Santo has taken possession of 16 South Clifton, purportedly under a sublease by Ovadi Malchi. However, Ovadi Malchi had already breached the so-called Lease Agreement at 16 South Clifton because he abandoned 16 South Clifton, and further because he failed to pay rent and utilities as required under the lease, and also vandalized the property.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.     An Order declaring that Plaintiffs are the sole owner of the property addressed at 16 South Clifton Avenue Lakewood, New Jersey;

b.     An Order declaring that the Lease is terminated and that Ovadi Malchi has no interest, right, or title of any type in 16 South Clifton.

c.     An Order declaring that Ovadi Malchi did not have the right to sublease the property.

d.     An Order evicting the current subleasee Hector Santo.

e.     The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 16 South Clifton, Lakewood, New Jersey;

f.     The return of all monies obtained from the Plaintiffs through fraud and deception;

g.     Compensatory damages;

h.     Attorney's fees and costs; and

i.     Such other and further relief as the Court deems just and proper.

## TENTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

93.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 92 of the Complaint as if fully set forth at length herein.

94.     Defendants have been unjustly enriched by their actions with respect to the properties identified in this Complaint.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.     An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.     The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.     All monies obtained from the Plaintiffs through fraud and deception;

d.     Compensatory damages;

e.     Attorney's fees and costs; and

f.     Such other and further relief as the Court deems just and proper.

## ELEVENTH CLAIM FOR RELIEF
### (BREACH OF FIDUCIARY DUTY – THE MALCHI DEFENDANTS)

95.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 94 of the Complaint as if fully set forth at length herein.

96.     Through its dealings with Schmulovich, the Malchi Defendants intentionally and without legal justification engaged in conduct which was clearly fraudulent and in breach of the duty of loyalty.  Accordingly, the Malchi Defendants breached their fiduciary duties owed to the partnership and Plaintiffs under New Jersey Partnership law.

97.     Accordingly, The Malchi Defendants breached their fiduciary duties owed to the partnership and Plaintiffs

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants as follows:

a.      An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.      The return of all monies obtained from the Plaintiffs through fraud and deception;

d.      An Order declaring that the partnership and the Agreement are dissolved;

e.      An Order expelling Defendants Zichroni Malchi and Ovadi Malchi from 1161 Rt. 9 LLC;

f.      Compensatory damages;

g.      Punitive Damages;

i.      Attorney's fees and costs; and

j.      Such other and further relief as the Court deems just and proper.

## TWELFTH CLAIM FOR RELIEF
### (BREACH OF FIDUCIARY DUTY – JOHN DOES)

98.     Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 97 of the Complaint as if fully set forth at length herein.

99.     The John Does Defendants had a fiduciary duty to the LLC, and to the Plaintiffs. Through its dealings with Schmulovich, the John Doe Defendants intentionally and without legal justification engaged in conduct which was clearly fraudulent and in breach of the duty of loyalty to both the LLC and the Plaintiffs. In this regard,  the John Doe Defendants breached their fiduciary duty to the partnership and to Schmulovich, their partner by intentionally

misrepresenting Plaintiffs participation in the actual purchase in 1161 Rt. 9, Lakewood, New Jersey, by assisting in diverting LLC funds from the LLC to Ovadi Malchi, and by assisting in a purported sale of 1161 Route 9 on behalf of Ovadi Malchi, rather than the LLC.

100.   Accordingly, the John Doe Defendants breached their fiduciary duties owed to the partnership and Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment against The John Doe Defendants as follows:

    a.      Compensatory damages;

    b.      Punitive Damages;

    c.      Attorney's fees and costs; and

    d.      Such other and further relief as the Court deems just and proper.

## THIRTEENTH CLAIM FOR RELIEF
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMI C ADVANTAGE)

101.   Plaintiffs repeat and reincorporate the allegations contained in Paragraphs 1 through 100 of the Complaint as if fully set forth at length herein.

102.   Plaintiffs entered into all undertakings described hereunder with the reasonable expectation they would gain economic advantage as a result of the ventures. Defendants intentionally and without legal justification engaged in conduct which clearly prevented Schmulovich from benefiting from the ventures, which, but for Defendants' actions, would have provided Plaintiffs' desired economic benefits. As a result, Plaintiffs have been financially damaged by Defendants' conduct.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.      An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.      The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.      The return of all monies obtained from the Plaintiffs through fraud and deception;

d.      Compensatory damages;

e.      Punitive damages;

f.      Attorney's fees and costs; and

g.      Such other and further relief as the Court deems just and proper.

## FOURTEENTH CLAIM FOR RELIEF
### (CONSTRUCTIVE FRAUD)

103.    Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 102 of the Complaint as if fully set forth at length herein.

104.    Zichroni Malchi and Ovadi Malchi breached their fiduciary duty to the partnership and to Schmulovich, their partner. by intentionally misrepresenting their participation in the actual purchase in 1161 Rt. 9, Lakewood, New Jersey, and intentionally misrepresenting the need for and costs regarding any renovations at the property known as 1161 Rt. 9, Lakewood, New Jersey.

105.    As a result of Defendants' breaches of fiduciary duty, including fraud and misrepresentation, Plaintiffs entered into the Agreement, and invested $330,000.00.

106.    Further, with respect to 16 South Clifton Avenue, Lakewood, New Jersey, Ofer Malchi intentionally misrepresented the nature of the property, that he falsely stated that there were two residences on the second floor when in fact there were not, that he intentionally failed

to disclose that he allegedly had a five year lease with his brother Ovadi Malchi, and that he intentionally misrepresented the purpose and effect of the Addendum to that lease.

**WHEREFORE,** Plaintiffs demand judgment against the Defendants as follows:

a.       An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.       The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.       The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 16 South Clifton Avenue, Lakewood, New Jersey;

d.       The return of all monies obtained from the Plaintiffs through fraud and deception;

e.       An Order declaring the Lease and the Addendum to the Commercial Lease to be null and void;

f.       An Order evicting Ovadi Malchi from 16 South Clifton Avenue, Lakewood, New Jersey;

g.       Compensatory damages;

h.       Punitive Damages;

e.       Attorney's fees and costs; and

f.       Such other and further relief as the Court deems just and proper.

**FIFTEENTH CLAIM FOR RELIEF**
**(CONVERSION)**

107.     Plaintiff repeats and reincorporates the allegations contained in Paragraphs 1 through 106 of the Complaint as if fully set forth at length herein.

108.   Zichroni Malchi and Ovadi Malchi, by obtaining a mortgage of $360,000.00 through fraud and without advising the Plaintiffs or seeking their permission, took money from the Plaintiffs that belonged to the Plaintiffs.

109.   Zichroni Malchi and Ovadi Malchi, by taking effective dominion and control over 16 South Clifton, and by preventing Plaintiffs from taking possession of their own property, took property that does not belong to them.

110.   Ovadi Malchi, by taking the Greenpoint loan proceeds on December 22, 2004, even though these proceeds were made to the LLC, procured those funds through fraud and without advising the Plaintiffs or seeking their permission, took money from the Plaintiffs that belonged to the Plaintiffs.

111.   Zichroni Malchi, and the John Doe Defendants, by helping Ovadi Malchi to take the Greenpoint loan proceeds on December 22, 2004, even though these proceeds belonged to the LLC, procured those funds through fraud and without advising the Plaintiffs or seeking their permission, took money from the Plaintiffs that belonged to the Plaintiffs.

**WHEREFORE,** Plaintiffs demand judgment against the Malchi Defendants and the John Doe Defendants as follows:

a.     An Order declaring that Plaintiffs are the sole owner of the property addressed at 1161 Rt. 9, Lakewood, New Jersey;

b.     The imposition of a constructive trust on all monies earned through rentals and otherwise in regards to 1161 Rt. 9, Lakewood, New Jersey;

c.     The payment of all monies obtained through the Mortgage through fraud and deception;

d.     Compensatory damages;

e.  Punitive damages;

f.  Attorney's fees and costs; and

g.  Such other and further relief as the Court deems just and proper.


DATED: October 29, 2007                **BRESSLER, AMERY & ROSS, P.C.**

                                        By: _____
                                        Jed L. Marcus
                                        325 Columbia Turnpike
                                        Florham Park, New Jersey 07932
                                        Tel: 973 514-1200
                                        Fax: 973 514-1660


                                        HODGSON RUSS, LLP.
                                        Roy Martin, Esq.
                                        60 East 42nd Street
                                        New York, New York 10165-0150
                                        1 212 661 3535

                                        Attorneys for Plaintiffs


## JURY DEMAND


Plaintiff hereby demands a trial by jury on all issues of the Complaint so triable.


## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM


Plaintiffs, by and through their attorneys, answer the counterclaims of the Defendants as follows:

1.  Plaintiffs deny the allegations contained in paragraph 1.

2.  Plaintiffs are without information or knowledge as to the truth of the allegations contained in paragraph 2 and must therefore deny them.

873662_1                        32

3.      Plaintiffs are without information or knowledge as to the truth of the allegations contained in paragraph 3 and must therefore deny them.

4.      Plaintiffs admit the allegations contained in paragraph 4.

5.      Plaintiffs deny the allegations contained in paragraph 5.

6.      Plaintiffs admit the allegations contained in paragraph 6.

7.      Plaintiffs deny the allegations contained in paragraph 7.

8.      Plaintiffs deny the allegations contained in paragraph 8, except to admit that Menachem Schmulovich and the Defendants entered into an agreement regarding the ownership of 1161 Route 9, Lakewood, New Jersey, and that the document speaks for itself.

9.      Plaintiffs deny the allegations contained in paragraph 9.

10.     Plaintiffs deny the allegations contained in paragraph 10.

11.     Plaintiffs deny the allegations contained in paragraph 11.

12.     Plaintiffs deny the allegations contained in paragraph 12.

13.     Plaintiffs deny the allegations contained in paragraph 13.

14.     Plaintiffs deny the allegations contained in paragraph 14.

15.     Plaintiffs are without knowledge as to the truth of the allegations contained in paragraph 15, and must therefore deny them.

16.     Plaintiffs deny the allegations contained in paragraph 16.

17.     Plaintiffs deny the allegations contained in paragraph 17.

18.     Plaintiffs are without knowledge as to the truth of the allegations contained in paragraph 18, and must therefore deny them.

19.     Plaintiffs deny the allegations contained in paragraph 19.

20.     Plaintiffs deny the allegations contained in paragraph 20.

21.     Plaintiffs deny the allegations contained in paragraph 21.

22.     Plaintiffs deny the allegations contained in paragraph 22.

23.     Plaintiffs deny the allegations contained in paragraph 23.

24.     Plaintiffs are without knowledge as to the truth of the allegations contained in paragraph 24, and must therefore deny them.

25.     Plaintiffs deny the allegations contained in paragraph 25

### AS TO COUNT ONE

26.     Plaintiffs restate and re-allege all their answers in paragraphs 1-25 as if set forth fully herein.

27.     Plaintiffs deny the allegations contained in paragraph 27.

### AS TO COUNT TWO

28.     Plaintiffs restate and re-allege all their answers in paragraphs 1-27 as if set forth fully herein.

29.     Plaintiffs deny the allegations contained in paragraph 29.

30.     Plaintiffs deny the allegations contained in paragraph 30.

### AS TO COUNT THREE

31.     Plaintiffs restate and re-allege all their answers in paragraphs 1-30 as if set forth fully herein.

32.     Plaintiffs deny the allegations contained in paragraph 32.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have waived any claim they may have, which is denied, to seek relief against Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are estopped and barred by their own conduct from recovering any relief.

## SIXTH AFFIRMATIVE DEFENSE

Defendants claims are barred because of their prior breaches and fraud against the Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants claims are frivolous and not warranted by any existing law or reasonable extension of the existing law.  Accordingly, Defendant is entitled to the reasonable costs and attorneys' fees incurred in defending this claim.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable limitations periods.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs reserve the right to assert each and every other affirmative defense identified during this action.

WHEREFORE, Plaintiffs request judgment dismissing the Complaint against it with prejudice, together with their attorneys' fees and costs of suit.

BRESSLER, AMERY & ROSS, P.C.

By:

Jed L. Marcus

DATED:  October 29, 2007

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Mr. Schmulovich certifies that the matter in controversy is not the subject of any other action, in any court or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

BRESSLER, AMERY & ROSS, P.C.

By:

Jed L. Marcus

DATED:  October 29, 2007

## CERTIFICATION OF SERVICE

I hereby certify that on this day a true and authentic copy of the foregoing pleading was sent via first class mail, postage pre-paid to the following persons:

Paul Fernicola, Esq.
Bowe & Fernicola, LLC
219 Broad Street
Red Bank, New Jersey 07701-0896

Attorneys for Defendants.

DATED:  October 29, 2007